## Thompson vs. S. & M. Mount.

It is a rule of the court of chancery that mere inadequacy of price is not sufficient to entitle a party to an order for the resale of lands under a decree, where the purchase has been made by a stranger to the suit, and where the party applying for a resale was in a situation to understand and protect his rights, but has suffered the property to be sacrificed by his own negligence.

Where the owner of premises covered by a mortgage was a non-resident of the state, and was ignorant of the institution of the suit to foreclose such mortgage, until after the sale of the premises under a decree; and the agent to whom he had confided the care of the property, had, by the visitation of God, been so far deprived of his reason as to be incapable of attending to any business, in consequence of which the premises were sold at a price far below their value; *Held*, that it was a proper case for setting aside the sale, and ordering a resale of the premises.

The court of chancery will open a sale of property made under its decree, where the price bid bears no reasonable proportion to the actual value of the property, and where the loss has been occasioned by an accident which no ordinary vigilance and foresight could have guarded against. But the court will not interfere to protect parties against their own negligence, where property has been fairly sold and struck off to a stranger to the suit.

This was an appeal by Joseph Hewlett, the purchaser at the master's sale under a decree of foreclosure in this suit, from an order of the vice chancellor of the first circuit, allowing a resale. The facts in the case were substantially as follows: The defendant, S. Mount, was the owner of a house and lot in the city of New-York, as heir at law of his deceased son, on which the complainant held a mortgage, given by the decedent, for $1000. S. Mount was an old man of eighty-seven years, residing in the state of New Jersey; and being from his age incompetent to take charge of the house and lot personally, he employed his son-in-law, H. Schenck, to manage the property for him. In August, 1845, the complainant filed her bill in this cause to foreclose the mortgage; and S. Mount, the owner of the premises, was proceeded against as an absentee, and had no knowledge of the proceedings until after the sale of the premises under the decree. Schenck, the agent, was informed of the existence of the suit, and applied to the complainant's solicitor for a little delay, to enable him to procure the money and settle it; and was told by

Thompson v. Mount.

him that he could have until the time fixed by the order of the court for the absent defendant to appear in the suit. . And about that time Schenck, the agent, who also resided in the state of New Jersey, was taken sick with a brain fever, so as to render him wholly incompetent to transact any business whatever; which sickness continued until after the notice of the application to the vice chancellor for the resale of the mortgaged premises. On the 24th of February, 1846, a decree of foreclosure and sale was obtained; and immediately afterwards the premises were advertised for sale by the master, for the 20th of March. And the premises were sold on the last mentioned day, and were struck off to the appellant for $2275; which was about half the real value thereof. The appellant paid ten per cent of the purchase money at the time of the sale, and procured the residue thereof so as to be ready to pay the same as soon as the title could be examined and the decree enrolled. But before that was done, the defendant, S. Mount, heard of the commencement of the suit, and of the decree and sale under the same, and immediately applied for a resale; offering to pay all the expenses of the sale, and the expenses of Hewlett, the purchaser for the examination of the title and loss of interest upon the purchase money, &c. The vice chancellor set aside the sale, and directed the ten per cent paid by the purchaser to be refunded to him, together with the amount paid by him to the auctioneer. And he also ordered the respondent, S. Mount, to pay to him the interest upon the whole of the purchase money, and the amount of his disbursements in the examination of the title, together with his costs and expenses in resisting the application for a resale. From this order of the vice chancellor, Hewlett, the purchaser, appealed.

*E. Benedict,* for the appellant.

*H. F. Clark,* for the respondent.

THE CHANCELLOR. The rule of this court is, that mere inadequacy of price is not sufficient to entitle a party to an order for

the resale of lands, under a decree, where the purchase has been made by a stranger to the suit, and where the party applying for a resale was in a situation to understand and protect his rights, but has suffered the property to be sacrificed by his own negligence. But this case does not come within the principle of that rule; for the respondent was wholly ignorant of the institution of the foreclosure suit until after the sale. And the agent, to whom he had confided the care of the property had, by the visitation of God, been so far deprived of his reason as to be rendered incapable of attending to the business of his principal, or even of communicating with him upon the subject. This case, therefore, is like that of *Duncan* v. *Dodd,* (2 *Paige's Rep.* 99 ;) except that the equity of the respondent is stronger; inasmuch as the sale of the property at a price so far below its value was occasioned by a visitation of Providence, rather than the negligence of the agent who had been employed to protect the rights of his father-in-law in the property. In a case not reported, this court set aside a sale where the property had been struck off at a price much below its value, owing to the misfortune of the defendant in having his horse drop down dead while he was on his way to attend the sale; in consequence of which, he did not arrive until a short time after the premises had been put up and sold by the master. The court must be permitted to open sales, in cases of that kind, to prevent great injustice, where the price bid bears no reasonable proportion to the actual value of the property, and where the loss has been occasioned by an accident which no ordinary vigilance and foresight could have guarded against. Nor will the opening of a sale under such circumstances be likely to destroy competition at master's sales, so long as the court acts upon the principle of affording full and perfect indemnity to the purchaser for all his costs, expenses and losses in consequence of his purchase. For no reasonable man will desire to make a speculation out of the misfortune of his neighbor, arising from a dispensation of Providence. At the same time, I wish it to be distinctly understood, that the court does not interfere to protect parties against their own negligence,

---

Kendall *v.* Kendall.

---

where the property has been fairly sold and struck off to a stranger to the suit.

The order appealed from in this case, was not erroneous, and it must be affirmed with costs.